UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| FRC, LLC, ) | Chapter 11 |
| ) | |
| ) | Case No. 11-19466 |
| Debtor ) | |
| ) | |

**LIMITED OBJECTION OF CREDITORS' COMMITTEE TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR (A) AUTHORITY TO BORROW PURSUANT TO 11 U.S.C. §364, AND (B) RELATED RELIEF**

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

The Official Committee of Unsecured Creditors (the "Committee") hereby files this limited objection to the *Motion Of Debtor And Debtor-In-Possession For (A) Authority To Borrow Pursuant To 11 U.S.C. §364, And (B) Related Relief* (the "Borrowing Motion"), and represents as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceedings pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on October 4, 2011 (the "Petition Date").

3. On October 13, 2011, the Office of the United States Trustee organized the Committee and appointed its members.

4. On October 4, 2011, the Debtor filed the Borrowing Motion, pursuant to which the Debtor requests authority to enter into a financing transaction with Mercatus

RC, LLC ("Mercatus"), and to grant certain security interests and liens on the Debtor's assets to Mercatus.

5. The Court conducted an emergency preliminary hearing with respect to the Borrowing Motion on October 6, 2011, and entered the *Interim Order Authorizing Debtor (1) To Obtain Post-Petition Financing, (2) Granting Senior Liens and Super Priority Administrative Expense Status, (3) Modifying the Automatic Stay and (4) Setting Final Hearing Pursuant to Bankruptcy Rule 4001* on October 11, 2011 (the "Interim Order"). A final hearing with respect to the Borrowing Motion is scheduled for October 26, 2011.

6. The Committee has recently engaged counsel who has reviewed the Borrowing Motion and the proposed final order submitted in connection therewith. The Committee does not object to the proposed borrowing transaction, and believes that such is necessary in order to preserve the Debtor's ability to consummate the pending sale of certain of the Debtor's assets. Notwithstanding the foregoing, the Committee believes that certain provisions of the proposed order should be modified to more clearly reflect the terms of the borrowing transaction.

7. Specifically, the Committee believes that the proposed final order authorizing the borrowing should be revised as follows:

(a) Paragraph "B" of the proposed findings of fact and rulings of law on Page 2 of the proposed final order should be amended to reflect that the Committee was appointed on October 13, 2011.

(b)  The following language should be inserted in Paragraph 3 on Page 6 of the proposed final order in replacement of the first sentence of such paragraph: "The DIP Loans shall become due and payable upon the Termination Date (as defined below)."

(c)  Paragraph 11(ii) should be amended to state, "*Access to Information*.  The Debtor agrees that at any time while Obligations remain outstanding, any financial advisors or other designated representatives of the Lender or of the Committee, shall have reasonable access to and may confer with the Debtor and its management regarding the financial condition of the Debtor, including the above-referenced reports."

(d)  For clarity, all references in Paragraph 14 to "any financing document" should be amended to state, "any financing document directly related to the DIP Credit Facility" Additionally, the language in Paragraph 14 (c) which states that the "Debtor has granted certain waivers through this Order" should be clarified to explicitly identify the waivers referenced.

(e)  For clarity, the following language should be added to the end of Paragraph 14:  "For further avoidance of doubt, the provisions of this Paragraph 14 relate solely to obligations arising under the DIP Credit Facility and any challenges thereto, and do not in any manner affect any rights, claims, or causes of action arising in connection with transactions or conduct other than the DIP Credit Facility."

(f)  Paragraph 16 on Page 13 should be amended to provide, "Except in the event that there is a Challenge pending, the Debtor is authorized and directed …".

(g)  Paragraph 18 (a)(i) should be amended to clarify the benchmark intended when referencing the DIP Budget.  As drafted, it is unclear as to whether the intended benchmark is the aggregate weekly expense of the Debtor, or the Debtor's weekly deficit.

(h) Paragraph 27 should be deleted as inapplicable in the context of the proposed final order.

8. The Committee shall discuss its limited objection with Debtor's counsel and counsel for the lender in the anticipation of resolving all requested language amendments and clarifications prior to the scheduled hearing on October 26, 2011. Nevertheless, the Committee specifically reserves its rights to augment the within limited objection to the extent deemed appropriate in advance of said hearing.

WHEREFORE, the Official Committee of Unsecured Creditors respectfully prays that the Court:

1. Enter an Order sustaining the limited objections set forth herein and requiring the Debtor and Lender to make appropriate revisions and clarifications in connection with the entry of any final order approving the proposes borrowing; and

2. Grant such other and further relief as may be just and proper.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS,

By its proposed counsel,

/s/ John J. Aquino
John J. Aquino (BBO 563260)
ANDERSON AQUINO LLP
240 Lewis Wharf
Boston, MA 02110
617-723-3600
jja@andersonaquino.com

Dated: October 24, 2011.